**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | * | **Case No. 1:26-CV-00646** |
| | * | |
| Plaintiff, | * | **Judge Matthew R. Byrne** |
| | * | |
| v. | * | |
| | * | |
| **LAKOTA LOCAL SCHOOLS, et al,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

---

**Order Granting Plaintiff's Motion For Leave to Proceed Under Pseudonyms and to File Personally Identifying Information Under Seal (Doc. 41)**

---

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonyms and to File Personally Identifying Information Under Seal ("Motion for Pseudonyms") (Doc. 41). For the foregoing reasons, Plaintiff's Motion for Pseudonyms (Doc. 41) is **GRANTED.**

**FACTS**

Plaintiff "Jane Doe" brings this action on behalf of her minor child, "Jill Doe." (*See* Amended Complaint, Doc. 40). Jane Doe alleges that Jill Doe was "groomed and sexually abused" by Defendant, Ronald Henrich "over the course of three years" while he was a teacher at Lakota Local Schools. (*Id.* at PageID 207.) Jane Doe alleges that Lakota Local Schools "failed to supervise Defendant Henrich . . . adequately" and as a result, Jill Doe was subjected to sexual abuse and grooming. (*Id.*) Jane Doe now brings various claims against Defendants, including claims of constitutional violations under 42 U.S.C. § 1983. (*Id.* at PageID 230–47.)

## LAW & ANALYSIS

Jane Doe requests that she, her daughter Jill Doe, and her daughter's father, Defendant John Doe, be permitted to proceed in this litigation under pseudonyms, arguing that the sensitive nature of the allegations and the fact that Jill Doe is a minor weigh in favor of shielding their identities from the public.[1] (Motion for Pseudonyms, Doc. 41.)

Litigating under pseudonyms is generally disfavored. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties."). But a court may permit a party to proceed by pseudonyms where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such exemption lies within the court's discretion. *Id.* The court's discretion is guided by the following factors: (1) whether the individuals "seeking anonymity are suing to challenge governmental activity;" (2) whether the pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

The above factors weigh in favor of anonymity in this case. Factor one is satisfied, as Jane Doe's central allegations relate to behavior by the Lakota Local School District Board of Education—a government entity. (*See* Amended Complaint, Doc. 40). Factors two and four are satisfied as this case relates to a minor who allegedly experienced sexual

---

[1] The complaint states that John Doe is "joined only as a necessary party under Fed. R. Civ. P. 19(a), so that he may assert or disclaim any interest he claims in this action, including any claims for loss of Jill's filial consortium. Plaintiffs assert no claims against him and seek no relief from him." (Amended Complaint, Doc. 40, PageID 212).

abuse. *See Doe v. Mich. Dep't of Corr.*, 2014 U.S. Dist. LEXIS 72376, at *30 (E.D. Mich. May 28, 2014) (explaining that sexual abuse is clearly a matter of "the utmost intimacy"). Furthermore, this Court has previously permitted the anonymity of a minor's parents when presented with similar circumstances. *See, e.g. Bd. Of Educ. v. U.S. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 107614, at *15 (S.D. Ohio Aug. 15, 2016) (recognizing that identifying a minor plaintiff by his or her initials while requiring the minor's parents or guardians to reveal their full name would make the minor readily identifiable). Thus, Jill Doe's interest in anonymity, as well as the related interest in anonymity with respect to Jane Doe and John Doe, outweigh the public's need to know their identities.

For the same reasons, the Court grants Jane Doe's request to file personal identifiable information under seal. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (finding that the "name of a minor victim of a sexual assault" is "typically enough to overcome the presumption of access.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Pseudonyms (Doc. 41) is **GRANTED**. All the filings in this litigation shall refer to Plaintiff as "Jane Doe" or "Jane," and Plaintiff's daughter as "Jill Doe" or "Jill." Jill Doe's father shall be referred to as "John Doe" or "John." Plaintiff's counsel is directed to divulge the identity of Jane Doe, Jill Doe, and John Doe to defense counsel to the extent necessary to conduct discovery, and the Court **ORDERS** that the parties confer to establish an appropriate protective order governing the confidentiality of information during the discovery process.

**IT IS SO ORDERED.**

Date: 11/24/2026

Matthew R. Byrne
United States District Judge